**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



BYRON PICON-ORELLANA,

              Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No. 22-1019

Agency No.
A206-438-378

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2023**
San Francisco, California

Before: MILLER and KOH, Circuit Judges, and MOLLOY, District Judge.***

Byron Picon-Orellana, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of

the immigration judge's (IJ) order denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Donald W. Molloy, United States District Judge for the
District of Montana, sitting by designation.

(CAT). We have jurisdiction under 8 U.S.C. § 1252.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). However, whether a group constitutes a particular social group "is a question of law we review de novo." *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (citation omitted). We deny the petition.

1.      Substantial evidence supports the BIA's decision affirming the denial of asylum and withholding of removal.

A.      Substantial evidence supports the BIA's determination that the harm suffered by Picon did not rise to the level of past persecution. "Persecution . . . is an extreme concept that means something considerably more than discrimination or harassment," and is analyzed considering "physical violence and resulting serious injuries, frequency of harm, [and] specific threats combined with confrontation." *Sharma v. Garland*, 9 F.4th 1052, 1060, 1063 (9th Cir. 2021) (citation omitted). Picon's evidence of past persecution was limited to one incident wherein Picon was kicked or hit resulting in bruises. This harm was not "so menacing as to cause significant actual suffering or

2

harm"; thus, "we cannot say that the evidence *compels* the conclusion that [Picon] suffered past persecution." *Duran-Rodriguez*, 918 F.3d at 1028 (citation omitted); *see also Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir. 2006) (holding that a single incident of detention where petitioner was struck in the back with a rod approximately ten times and required to report to police four or five times did not compel a finding of persecution).

      B.     Substantial evidence supports the BIA's conclusion that Picon failed to establish a well-founded fear of future persecution on account of a protected ground. To establish a well-founded fear of future persecution, Picon must establish "both a subjective fear of future persecution, as well as an objectively 'reasonable possibility' of persecution upon return to the country in question." *Duran-Rodriguez*, 918 F.3d at 1029 (citation omitted). Picon failed to establish an objectively reasonable fear of future persecution. The record does not establish, and Picon does not argue, that the gang members who targeted Picon in the past remain interested in his whereabouts. Further, Picon's generalized fear of gang violence and corruption is insufficient to meet his burden of showing "credible, direct, and specific evidence" that he will be persecuted upon his return to Guatemala. *Gormley v. Ashcroft*, 364 F.3d 1172, 1180 (9th Cir. 2004) (citation omitted); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no

nexus to a protected ground.").[1] Furthermore, Picon did not challenge the BIA's conclusion that there was not a pattern or practice of persecution of similarly situated persons with his political opinion or social groups. Thus, he has forfeited this issue. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

Accordingly, Picon failed to show eligibility for asylum and withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–60 (9th Cir. 2017).

2.      Substantial evidence supports the BIA's determination that Picon failed to establish a clear probability of torture. The BIA recognized that eligibility for CAT relief "requires a two part analysis—first, is it more likely than not that the alien will be tortured upon return to his homeland; and second, is there sufficient state action involved in that torture." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (citation omitted). Here, the BIA limited its analysis to the first prong. The BIA determined that Picon did not suffer past torture, nor was there evidence that gang members were still looking for him. The BIA recognized that the country conditions reports reflected high levels of generalized gang violence and crime; however, it concluded that the country conditions evidence was not "sufficiently particularized" to Picon. Picon's

---

[1] To support his arguments, Picon cites to documents outside of the administrative record. We will not and cannot consider these documents. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (explaining that our court's review of the BIA's decision is limited to the administrative record).

generalized fear of harm in the future, without more, cannot compel a conclusion contrary to that reached by the agency. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (explaining that eligibility for CAT relief requires more than "generalized evidence of violence and crime" that was "not particular to [p]etitioners").[2]

**PETITION FOR REVIEW DENIED.** [3]

---

[2] Because Picon failed to establish past persecution or an objective fear of future persecution, we need not decide whether he established a cognizable political opinion or social group. Additionally, we reject Picon's other arguments because "[i]n reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (citation omitted).

[3] The temporary stay of removal remains in effect until the issuance of the mandate.